NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
SEP 15 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-297-JMH

RONALD Y. BIRDSONG, JR.                                                    PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

RON BISHOP, *Jailer*, ET AL.                                              DEFENDANTS

Ronald Birdsong, Jr., who is currently confined in the Fayette County Detention Center ("FCDC") in Lexington, Kentucky, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983 [Record No. 1]. The plaintiff has also filed a "Motion to Proceed In Forma Pauperis" [Record No. 2]. The Court will address that motion be separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor

of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff named the following defendants: (1) Ron Bishop, Jailer of the FCDC; (2) "Mr. Bowen," whom the plaintiff identifies as the Medical Supervisor of the FCDC; and (3) "Mr. McCullen," whom the plaintiff identifies as the Physician's Assistant at the FCDC.

## CLAIMS

The plaintiff alleges that the named defendants have refused to authorize surgery which he alleges is necessary to correct his umbilical hernia condition. He alleges that the refusal violates his rights under the Eighth Amendment of the United States Constitution.

## ALLEGATIONS OF THE COMPLAINT

The plaintiff has filed documents indicating that he filed a grievance at the FCDC in which he complained about the FCDC's decision to deny his demand for surgery to treat and correct a condition from which he states that he suffers: an umbilical hernia. The FCDC staff responded on June 29, 2006, that the plaintiff had been evaluated by Dr. McConnell on that very day, June 29, 2006.[1]

FCDC staff stated that the result of that examination revealed that the plaintiff's

---

[1] The name of the author of the response to the plaintiff's grievance is not legible.

hernia was neither "incarcerated"[2] nor obstructed. The grievance response further indicates that the plaintiff reported no difficulty with eating and no changes in his bowel habits. Although a urine culture was run, and the report was negative, the plaintiff was nevertheless treated empirically. The FCDC noted that the plaintiff was to be monitored and instructed him to notify them of any changes in his condition. The plaintiff thereafter filed a statement advising that he was not satisfied with the disposition of his grievance in which he demanded corrective surgery.

The plaintiff attached some additional medical reports to his complaint which shed some light on the status of his medical condition. While confined at the FCDC, the plaintiff was treated at the University of Kentucky Chandler Medical Center on April 5, 2006. Dr. Charles A. Eckerline found a small umbilical hernia which he described as "suggestive of a partial small bowel obstruction." [Abdomen and Pelvic CT Results] Dr. Eckerline's detailed two-page report, attached to the results of the CT scan, states that Dr. Anderson performed a reduction of the plaintiff's hernia. Dr. Eckerline described the plaintiff's status, upon discharge, as follows:

> **TX/PLAN:** Dr. Anderson reduced his hernia without any difficulty. His pain went away immediately. We have observed him in the ED. He is pain free and completely asymptomatic. We have suggested followup in the general surgery clinic for evaluation for repair and explicit instructions to return should he have any symptomatology. Currently he is reduced and asymptomatic.

---

[2] The Court is not entirely certain what the FCDC staff member meant when he stated that the plaintiff's *hernia* was not "incarcerated."

3

The records further reveals that on May 20, 2006, the plaintiff requested evaluation of his condition by submitting a "Correctional Medical Services/ Health Services Request Form." The request was reviewed on May 23, 2006. *See* "Health Care Staff Documentation Section," bottom section of the "Correctional Medical Services/ Health Services Request Form." The result of the request reflects that the plaintiff was given an Inmate Education Sheet and instructions; that he was to be placed in "MDSC" the week of May 24, 2006;[3] and that a urine dip was administered, but that no blood was detected. There are no notations in the "Health Care Staff Documentation Section" which state that surgery was recommended at that time.

The plaintiff alleges in his complaint that his condition has steadily worsened and that he continues to experience pain as a result of the umbilical hernia. He maintains that a surgical procedure is necessary to correct his umbilical hernia problem. The plaintiff has not provided the Court with any updated medical reports which would indicating that surgery is required at this time.

## RELIEF REQUESTED

The plaintiff seeks substantial monetary damages for physical suffering and emotional distress. He also seeks injunctive relief in the form of an order requiring the FCDC to pay for the requested surgical procedure.

---

[3] It is not clear what the term "MDSC" means.

4

## DISCUSSION

The plaintiff alleges that the FCDC's refusal to approve surgery, on his demand, violates the Eighth Amendment's prohibition against cruel and unusual punishment. In order to state a cognizable claim under the Eighth Amendment regarding medical care, a prisoner must show both "deliberate indifference" and a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To substantiate an allegation of deliberate indifference, a prisoner must establish that the deprivation was sufficiently serious *and* that officials acted with a sufficiently culpable state of mind. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).

The Eighth Amendment claims contain both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). The subjective component requires the plaintiff to demonstrate that prison officials acted wantonly, with deliberate indifference to the plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835-36. Deliberate indifference has also been defined as "more than mere negligence, but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Foy v. City of Berea*, 58 F.3d 227, 232 (6th Cir. 1995) (quoting *Farmer v. Brennan*).

5

Allegations of medical malpractice or negligent diagnosis and treatment are not cognizable under §1983. *See Estelle v. Gamble*, 429 U.S. at 106; *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989). The concept of deliberate indifference has been equated with wantonness and with acts that are taken with criminal recklessness. *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994). An official must show a conscious disregard to a substantial risk that the inmate will experience serious harm. *Farmer v. Brennan*, 114 S. Ct. at 1979.

Here, it appears that the plaintiff was not satisfied with the conservative medical solutions offered to him. It is not that the plaintiff was not offered medical care so much as it is that he did not prefer the kind of medical services that were offered. When a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated. *Estelle v. Gamble*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Even if mistakes in diagnosis and treatment are made, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.[4]

The plaintiff has, at the most, set forth an argument over the sufficiency of the

---

[4]

There are numerous unpublished Sixth Circuit opinions which adopt *Westlake v. Lucas'* holding that where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and to constitutionalize claims which would sound in state tort law. *See Wilson v. Wilkinson*, 62 Fed. Appx. 590, 2003 WL 1795812 (6th Cir. (Ohio) April 1, 2003) (Not selected for publication in the Federal Reporter); *Wooley v. Campbell*, 63 Fed. Appx. 789, 2003 WL 1795708 (6th Cir. (Tenn.) March 27, 2003); *Wright v. Sapp*, 59 Fed. Appx. 799, 2003 WL 1465184 (6th Cir. (Ky.) March 17, 2003); and *Simpson v. Ameji*, 2003 WL 236520 (6th Cir. (Ky.) January 30, 2003).

conservative course of medical treatment he has been receiving at the FCDC. The medical records which the plaintiff has produced indicate that the FCDC took the plaintiff to the University of Kentucky Chandler Medical Center for treatment on April 5, 2006, and that the reduction of the hernia alleviated the plaintiff's discomfort and abdominal pains. The plaintiff was again evaluated on May 23, 2006, and there were no notations in the "Health Care Staff Documentation Section" indicating that surgery was recommended at that time.

While the plaintiff now claims that surgery is necessary, he has produced no medical opinion, or even any medical reports or notes which verify or even suggest that surgery is in fact required at this time. A dispute over the adequacy of medical care rendered to a prisoner generally does not rise to the level of an Eighth Amendment violation. *Westlake v. Lucas*, 537 F.2d at 860 n.5.[5] Under the facts of this case, the plaintiff has not asserted grounds authorizing the Court to deviate from this rule. The plaintiff has established neither *deliberate* indifference to his medical condition, nor *any* culpable state of mind on the part of the named defendants.

The dismissal of this action will be without prejudice, in the event that the plaintiff can: (1) produce medical verification that surgery is in fact required, *and* (2) demonstrate that upon receipt of that medical finding or opinion, the FCDC denies a renewed request.

---

[5]
To the extent the plaintiff may be alleging mere negligence in his medical treatment, such a claim should be asserted in state court, not federal court. Federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)).

7

The plaintiff is advised that if he does produce such medical evidence, he will be required to file a **new** action, and will not be permitted to amend this complaint. The plaintiff's Eighth Amendment claims against the defendants will be dismissed without prejudice. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The complaint in this action [06-CV-297-JMH] is **DISMISSED WITHOUT PREJUDICE**.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 15th day of September, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

8