UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

CIVIL ACTION NO. 06-CV-297-JMH

RONALD Y. BIRDSONG, JR.,                                          PLAINTIFF,

VS

RON BISHOP, ET AL.,                                              DEFENDANTS.

**MEMORANDUM OPINION AND ORDER**

Before the Court are several pending matters:

(1) The "Motion for Summary Judgment; Motion for Joinder of Claim, Persons and Remedies; Motion for Protective Order in Discovery; and Motion for Immediate Injunction"[Record Nos. 33] filed by Ronald Birdsong, Jr., the *pro se* plaintiff [1];

(2) The "Motion and Special Notice of Limited Entry of Appearance" filed by counsel for non-parties Larry Chandler and Scott Haas [Record No. 34];

(3) The "Response to the Plaintiff's Motions for Summary Judgment; Joinder of Claims; Protective Order; and Injunction" filed by counsel for Defendant Ron Bishop [Record No. 35];

(4) The "Response to the Plaintiff's Motions for Summary Judgment; Joinder of Claims; Protective Order; and Injunction" filed by counsel for Defendants Rex McConnell and Jonathan Bowen [Record No. 38];

---

[1] The plaintiff recently renewed parts of this motion [*See* Record Nos. 44 and 45].

(5)   The plaintiff's "Motion to Strike McConnell's Response" [Record No. 40];

(6)   The plaintiff's "Motion for Default Judgment" [Record No. 41];

(7)   The "Response" [Record No. 47] to Plaintiff's "Motion for Summary Judgment" filed by counsel for Dr. Rex McConnell; and

(8)   The "Response" [Record No. 48] to Plaintiff's "Motion to Strike" filed by counsel for Dr. Rex McConnell.

## BACKGROUND

The plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 on September 12, 2006 [Record No. 1]. At that time, the plaintiff was confined in the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Birdsong states in one of his current submissions [Record No. 33], that he is currently confined in the Kentucky State Reformatory ("KSR") which located in LaGrange, Kentucky.

The plaintiff alleged in his complaint that the defendants he named, all FCDC officials, refused to authorize surgery which he alleged was necessary to correct his umbilical hernia condition. He alleged that the refusal violated his rights under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. In his Complaint, the plaintiff named the following defendants: (1) Ron Bishop, Jailer of the FCDC; (2) Jonathan Bowen, the Medical Supervisor of the FCDC; and (3) Dr. Rex

McConnell.[2]

On initial screening of the complaint, the Court determined that at that time, the plaintiff had failed to state an Eighth Amendment claim. The Court dismissed the complaint without prejudice. *See* Memorandum, Opinion and Order and Judgment, Record Nos. 6 and 7 (9/15/06). The plaintiff appealed [Record No. 8].

On June 12, 2007, the Sixth Circuit entered an Order reversing the dismissal and remanding this proceeding for further action [Record No. 11]. Based in part on new documents filed for the first time in Birdsong's appeal, the Sixth Circuit concluded that dismissal of the § 1983 complaint was premature [*Id*].

On remand, the Court directed summons to issue and the named defendants to respond to the plaintiff's § 1983 claims of deliberate indifference to his medical needs. The record reflects that on July 30, 2007, Defendant Bishop filed an Answer to the Complaint [Record No. 17]; on September 10, 2007, Defendant Jonathan Bowen filed an Answer to the Complaint [Record No. 24]; and on October 17, 2007, Defendant Rex McConnell filed an Answer to the Complaint [Record No. 32]. Thus, all defendants have responded to the Complaint. The plaintiff has asked the Court enter Orders against the defendants on several issues, discussed below.

---

[2] In his initial complaint, the plaintiff had identified Defendant Jonathan Bowen as "Mr. Bouen" and had incorrectly identified Defendant McConnell as "McCullen." The correct names have been revealed as counsel for these defendants have filed pleadings on their behalf. The Clerk will be directed to amend the docket sheet to correct any mis-spelled names.

<u>Motion for Summary Judgment; Motion for Joinder of Claim, Persons and Remedies; Motion for Protective Order in Discovery; and Motion for Immediate Injunction[Record No. 33]</u>

In this motion filed as Record No. 33, the plaintiff seeks four (4) types of relief. First, the plaintiff alleges that he is entitled to summary judgment on his claims, arguing that: (1) it is undisputed that he suffers from a serious medical condition (umbilical hernia) and that (2) the defendants refused to provide him with proper medical care with respect to that condition.[3]

The plaintiff demands that the defendants authorize surgery to correct his condition. He disagrees with the defendants' decision to treat his condition by more conservative means.

In seeking summary judgment in his favor, the plaintiff relies on the Sixth Circuit's June, 2007, opinion remanding this proceeding to this Court. It appears that the plaintiff is arguing that the Sixth Circuit's decision operates as finding of "strict liability" against the defendants.

Second, the plaintiff asks the Court to allow him to name three additional defendants to this action, being: (1) Larry Chandler, the warden of the KSR; (2) Scott Haas, the Director of the Kentucky Department of Corrections ("KDOC"); (3) Dr. Duvall;

---

[3] As noted, the plaintiff renewed some parts of his original motion [Record No. 33] in subsequently filed motions [Record Nos. 44 and 45].

4

and (4) Dr. F. W. Kemen.[4] The plaintiff alleges that these individuals have recently refused to authorize him to have the requested umbilical hernia surgery. He claims that in refusing his demands, Chandler, Haas and Kemen have simply followed along with the complained-of actions of the existing FCDC defendants.[5]

Third, the plaintiff seeks the entry of a Protective Order which substantially restricts the defendants' ability to obtain information relating to his medical history. Plaintiff states that he has drafted a "limited authorization" for the defendants' use. He states that the this authorization "does not provide for the further release of any of plaintiff's medical documents generated in the course of diagnosis of plaintiff." [Record No. 33-1, p.5]. Plaintiff asks to be present via tele-video conferencing in the event this Court holds a hearing relating to discovery matters.

Fourth, the plaintiff seeks an injunction in the form of an Order allowing him to undergo an independent medical evaluation by an unbiased medical professional. Plaintiff contends that any physician selected by the defendants, or any future defendants, will be biased against him.

### Defendants' Responses to Plaintiff's Motions
### [Record Nos. 35 and 38]

In response to the plaintiff's motion for summary judgment,

---

[4] Presumably, Drs. Duvall and Kemen are physicians employed by, or under contract with, either the KSR or the KDOC.

[5] The plaintiff also asserts that at this time, he should not be required to demonstrate that he has fully exhausted his claims against the proposed defendants [Record No. 33, p.4].

5

the defendants dispute that surgery is needed to correct the plaintiff's umbilical hernia condition.  First, Bishop takes exception to the plaintiff's characterization of the Sixth Circuit's Order as one that "established facts and law of the case," noting that the Sixth Circuit "simply ruled that the Plaintiff's allegations were sufficient to permit his complaint to proceed." [Record No. 35-1, p.3].

Second, Bishop points out that pursuant to the terms of a Scheduling Order entered on September 5, 2007, discovery in this case is ongoing.  Third, he argues that two medical professionals (one identified in the complaint and another identified in an exhibit attached  motion to the plaintiff's motion) have determined that the surgery which the plaintiff demanded, and continues to demand, is not necessary [Record No. 35-1, p.4].

Citing *Napier v. Madison Co* ., 238 F.3d 739, 742 (6th Cir. 2001), Defendant McConnell argues that the plaintiff has failed to produce medical evidence which would establish that either a delay or refusal to approve the surgery has detrimentally affected his medical condition.  Defendant McConnell also submitted an Affidavit in which he offers his medical opinion that "surgical correction of an umbilical hernia is an elective procedure that is not necessary to preserve health.  Failure to perform this elective surgery would not detrimentally impact the inmate." [Record No. 38-2].

Summarized, the defendants collectively assert that under Fed. R. Civ. P. 56 and the case law addressing circumstances appropriate for entry of summary judgment,  the plaintiff's motion is

6

premature, especially in light of the fact that discovery is ongoing. Even absent that fact, the defendants argue that because the surgical procedure which the plaintiff demands is purely elective in nature, the decision to deny the surgery does not rise to the level of an Eighth Amendment violation. They cite various cases which stand for the proposition that a difference of opinion between an inmate and a physician, as to course of medical treatment, does not equate into a finding that physician has been deliberately indifferent to the plaintiff's medical needs.

Defendant Bishop objects to the plaintiff's request for a Protective Order which limits the scope of the defendants' access to the plaintiff's medical records. He argues that because the plaintiff has placed his medical condition in issue, the defendants are entitled to unrestricted access to *all* medical records related to the plaintiff's health and medical treatment, both before and after his confinement in the FCDC [Record No. 35-1, p.5].

1. <u>Plaintiff's "Motion to Strike McConnell's Response" [Record No. 40] and "Motion for Default Judgment [Record No. 41]</u>

Plaintiff asks the Court to strike Defendant McConnell's October 31, 2007, "Response" to his (plaintiff's) "Motion for Summary Judgment" and to find McConnell in default for having failed to answer the complaint after being served. Plaintiff contends that McConnell should not be allowed to file a response to his (plaintiff's) "Motion for Summary Judgment."

2. <u>Defendant McConnell's Response to Plaintiff's Motion to Strike</u>

7

[Record No. 48] and Response to Plaintiff's Motion for Default Judgment [Record No. 47]

Defendant McConnell states that there is no reason either to strike his "Response" to the plaintiff's "Motion for Summary Judgment" or find that he is in default. McConnell disputes the plaintiff's allegation that he did not answer the Compliant. McConnell notes that he was not served with summons until October 25, 2007 [Record Nos. 36 and 37]. McConnell states that even before he was officially served with the lawsuit, an Answer to the Complaint was filed on his behalf on October 17, 2007 [Record No. 32].

McConnell notes that the "Certificate of Service" in the Answer indicates that the plaintiff was served with a copy of his Answer, most likely by United States mail. McConnell contends that even if for some reason the plaintiff did not actually receive a copy of his October 17, 2007 Answer, the Answer was in fact filed of record.

## DISCUSSION
### 1. Joinder of Additional Defendants

The Court will allow the plaintiff to join as additional defendants: (1) Larry Chandler, the warden of the KSR; (2) Scott Haas, the Director of the Kentucky Department of Corrections ("KDOC"); (3) Dr. Duvall; and (4) Dr. F. W. Kemen. The Clerk will be directed to issue summons as to these individuals.

### 2. Injunctive Relief

The Court construes the plaintiff's motion for "injunctive relief" as a request to be examined by a physician appointed by the

8

Court.  The plaintiff states that he seeks "an independent surgical consultant to determine whether surgery that has been previously directed to be performed still needs to be performed."[Plaintiff's Motion, Record No. 33-1, p.7].

Heretofore, the plaintiff has strenuously argued that the University of Kentucky Emergency Room discharge papers from April, 2006, dictated that surgery was recommended and that the defendants' refusal to authorize that surgery violated his rights under the Eighth Amendment of the United States Constitution [*Id.*, p.2].  In fact, the plaintiff relies on the UK discharge papers in arguing that he is entitled to summary judgment in his favor.  The defendants contend that surgery is not needed to correct the umbilical hernia condition.

The plaintiff now asks for another medical evaluation to determine if the surgery is still necessary.  Since medical professionals charge a fee for such services, it is logical to assume that the plaintiff may be asking that the defendants be ordered to cover the costs of the exam.

The Court will deny the request for an "independent" medical evaluation.  It is incumbent on the plaintiff to produce whatever professional medical opinion he deems necessary to advance his claims.  *See Napier*, 238 F.3d at 742 ( Inmate who complains that delay in providing medical treatment on part of prison or jail officials rose to level of deliberate indifference to his serious medical needs, in violation of Eighth Amendment, must place verifying medical evidence in the record to establish the

9

detrimental effect of the delay in medical treatment to succeed).[6] The plaintiff is responsible for underwriting the costs of securing any professional medical opinion he deems necessary to advance his claims.

The motions for injunctive relief [Record No. 33 and 45], construed as motions for an independent medical evaluation, will be denied.

### 3. Motion for Protective Order

The Court will deny the plaintiff's motion for a Protective Order restricting the defendants' ability to obtain his medical records. The plaintiff's request it is an unreasonable effort to restrict the defendants' access to his complete medical status and/or medical history. The plaintiff has put his medical condition in issue. The defendants are entitled to access to all of his medical records during discovery, although at a later point in the proceeding, the Court will have the ultimate responsibility of determining what is relevant.

A district court in Michigan was recently faced with a similar request to limit access to medical information. *See Wells v. Caldwell*, 2007 WL 2225869 (E.D. Mich., July 31, 2007).[7] There the

---

[6] The Sixth Circuit noted in its June 13, 2007, Order remanding that "At the trial or summary judgment stage, Birdsong will, of course, be required to introduce evidence to support his allegations. . . ." [*See* Record No. 11, p.5].

[7] The court summarized as follows the plaintiff's efforts to restrict the defendants' access to his medical history:

"Plaintiff altered the [defendant's medical] release

court rejected a plaintiff's attempt to substantially limit the defendant's access to his records. The Michigan district court offered a well reasoned explanation for its decision to reject the plaintiff's attempt to restrict discovery of his medical information, stating as follows:

> "Plaintiff's conditions on the use of his medical information are not justifiable. He has limited release to one specific attorney in the Attorney General's office, refused to waive doctor-patient privilege with respect to the information, and apparently has limited use of his medical records to use in his or the Secured Party's presence. Plaintiff has clearly put his medical condition at issue in this case."

*Wells*, 2007 WL 2225869 at *4.

The Court agrees with the conclusion reached in *Wells*. For the same reasons explained in the *Wells* decision, the Court will deny the plaintiff's "Motion for a Protective Order."

4. <u>Motion to Strike McConnell's Response/ Motion for Default Judgment</u>

The plaintiff alleges that the Court should strike Defendant

---

form and refused to authorize the release of information to anyone other than Assistant Attorney General Thurber. The form as originally sent to Plaintiff authorized the release to any associate or representative of Thurber. Plaintiff also altered the form to eliminate the authorization for release of any mental or dental conditions. He also refused to authorize the release of information concerning his mental status. Plaintiff authorized the release of information for the period beginning in June rather than January 2004. Further, Plaintiff refused to waive any doctor-patient privilege that might apply to this information. He also refused to authorize the re-disclosure of this information."

*Wells*, 2007 WL 2225869 at *4.

11

McConnell's Response [Record No. 38] to his Motion for Summary Judgment" [Record No. 33]. Plaintiff claims that McConnell is in default, having failed to ever file an Answer to the Complaint.

As Defendant McConnell notes, the plaintiff is patently incorrect on this issue. The record reflects that Defendant McConnell filed an Answer to the Complaint, by counsel, on October 17, 2007 [Record No. 32], eight days *prior* to actually being served with service of process on October 25, 2007 [Record No. 36]. Defendant McConell's counsel certified on page three of his October 17, 2007 that he served Plaintiff Birdsong with a copy of his Answer. The Plaintiff's request to strike McConnell's "Response" and his "Motion for Default Judgment" both lack merit and will be denied.

5. Motion for Summary Judgment/Judicial Notice

The plaintiff has filed a motion for summary judgment under Fed. R. Civ. P. 56. Under that rule, summary judgment is appropriate "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

12

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986) (citation omitted).

Fed. R. Civ. P. 56(e) provides: "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering a summary judgment motion, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348 (1986) (same).

Here, the defendants correctly note that the time for discovery is still running. Information which might assist either the plaintiff or the defendants may become available during the course of discovery. The plaintiff himself propounded a set of Interrogatories on the defendants as recently as December 12, 2007 [Record Nos. 42 and 43]. Clearly, this case is in the discovery stage and any determination on the merits would be unwarranted.

Additionally, the plaintiff asserts that he should have been allowed to undergo surgery, but the current defendants strongly dispute that allegation. One defendant, a medical doctor, has filed an affidavit stating that the surgery was elective and as such, the FCDC was not required to authorize it in 2006.

13

Moreover, the Court has in this Order allowed the plaintiff to amend his complaint and name four additional parties. Plaintiff claims that the newly joined defendants are continuing the existing defendants' concerted effort to prevent him from having surgery. The newly added defendants' responses to the plaintiff's claims will further develop the record.

Finally, the defendants are correct that the Sixth Circuit's opinion was simply a finding that this Court should have allowed the complaint to survive initial screening. The decision to remand was not a final finding of fact on the merits of the Eighth Amendment claims.

For these reasons, the plaintiff's motion for summary judgment is premature under the guidelines set forth by Fed. R. Civ. P. 56, *Celotex* and the other cases which address the propriety of a summary judgment. The plaintiff's "Motion for Court to Take Judicial Notice" [Record No. 44] is essentially a restatement of his previous motion filed as Record No. 33. The Court will also deny the most recent motion for the same reasons.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Plaintiff's Motion for Summary Judgment; Motion for Joinder of Claims, Persons and Remedies; Motion for Protective Order in Discovery; and Motion for Immediate Injunction [Record Nos. 33] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(a) That Plaintiff's Motion for Summary Judgment

>  [Record No. 33] be, and the same hereby is, **DENIED**;
>
> (b) That Plaintiff's Motion for Preliminary Injunction [Record No. 33] be, and the same hereby is, **DENIED**;
>
> (c) That Plaintiff's Motion for Protective Order [Record No. 33] be, and the same hereby is, **DENIED**; and
>
> (d) That Plaintiff's Motion for Joinder of Persons, Claims and Remedies [Record No. 33] be, and the same hereby is, **GRANTED.**
>
> (2) That Plaintiff's Motion for Court to take Judicial Notice [Record No. 44] be, and the same hereby is, **DENIED**;
>
> (3) That Plaintiff's Motion to Strike McConnell's Response [Record No. 40] be, and the same hereby is, **DENIED**;
>
> (4) That Plaintiff's Motion for Default Judgment [Record No. 41] be, and the same hereby is, **DENIED**;
>
> (5) That Plaintiff's Motion for Joinder if Additional Defendants and Claims With Sequential Request for Injunctive Relief [Record No. 45] be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**, as follows:
>
> (a) Plaintiff's Motion for Joinder [Record No. 45] is **GRANTED;**
>
> (b) Plaintiff's Motion for Sequential Request for Injunctive Relief [Record No. 45] is **DENIED**;
>
> (6) That the Motion and Special Notice of Limited Entry of Appearance filed by counsel for non-parties Larry

15

      Chandler and the same Scott Haas [Record No. 34] be, and the same hereby is, **GRANTED**;

(7) That Plaintiff shall be allowed to amend his complaint to incorporate the claims he asserted in Record No. 33 as to: (A) Larry Chandler, the warden of the KSR; (B) Scott Haas, the Director of the Kentucky Department of Corrections ("KDOC"); (C) Dr. Duvall; and (D) Dr. F. W. Kemen.

(8) That Plaintiff is allowed to **JOIN** as **ADDITIONAL DEFENDANTS** the following persons: (A) Larry Chandler, the warden of the KSR; (B) Scott Haas, the Director of the KDOC; (C) Dr. Duvall; and (D) Dr. F. W. Kemen.

(9) That the Lexington Clerk is directed to issue summonses for Larry Chandler, the warden of the KSR; Scott Haas, the Director of the KDOC; Dr. Duvall; and Dr. F. W. Kemen, in both their individual and official capacities.

(10) That the Lexington Clerk's Office shall prepare as many copies of the complaint, the Motion filed as Record No. 33 **and** this Order as there are summonses issued and complete the requisite number of USM Form(s) 285.

    (a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate

service.

 (b) The Lexington Clerk's Office shall forward to the Lexington United States Marshal's Service by **hand delivery** the following documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Order; (v) a copy of the Sixth Circuit's Order of June 12, 2007 [Record No. 11]; (vi) a copy of Record No. 33; and (vii) any other documents necessary to effectuate service.

(c) That the Lexington Clerk's Office shall make a notation in the record that the hand delivery to the USM Office (of the complaint, summonses, USM Forms 285, and all other attachments referred to in the preceding paragraph) was effectuated, and the date upon which such delivery was effectuated.

(d) The USM Office shall serve a summons, complaint copy, copy of this Order, and copy of Record Nos. 11 and 33 on Larry Chandler, the warden of the KSR; Scott Haas, the Director of the KDOC; Dr. Duvall; and Dr. F. W. Kemen; service to be made by certified mail, return receipt requested, or by personal service.

 (e) The USM Office shall make a return report to the Court of whether the summonses are executed or is

still unexecuted within forty (40) days of the date of entry of this Order. **This report shall include a copy of the green card showing proof of service or a statement that a green card was not returned from the U.S. Postmaster, along with a track and confirm from the U.S. Postal Service showing that a proof of delivery does not exist.**

(11) That the Lexington Clerk is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

(12) That the plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(13) That the Clerk of the Court is directed to correct the spelling of Defendant "Mr. Bouen" on page two of the docket sheet to reflect that the defendant is "*Jonathan Bowen*."

(14) That for every further pleading or other document he wishes to submit to the Court for consideration, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. **The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document**

**was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This the 27th day of December, 2007.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge